# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JULIAN MARTINEZ-RODRIGUEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-235-2

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Julian Martinez-Rodriguez pleaded guilty to one count of possession with intent to distribute 500 grams or more of a substance containing crystal methamphetamine. He appeals the 292-month sentence he received at resentencing, which was within the guidelines range calculated after a downward departure for an overrepresented criminal history category. Martinez-Rodriguez argues that his sentence is greater than necessary to meet

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentencing goals of 18 U.S.C. § 3553(a).  He specifically contends that the sentence is too severe for an individual over the age of 40 who was not a leader or organizer; that the sentence resulted in an unwarranted sentencing disparity; and that the court failed to take into account his minimal, nonviolent criminal history.  Martinez-Rodriguez asserts that the circumstances of the offense merited a lower sentence because he did not engage in violence; there were no victims; he did not obstruct justice; and he expressed remorse for his actions.  He argues that the lengthy sentence overstated the severity of the offense, that his relatively minor criminal history showed that he had respect for the law, and that the goals of deterrence and protecting the public could be served by a lower sentence.

Martinez-Rodriguez asserts that he preserved this challenge in the district court by moving for a downward departure.  However, he received the downward departure he requested under U.S.S.G. § 4A1.3, was sentenced at the bottom of the applicable guidelines range, and did not object to the sentence after it was imposed.  A defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Martinez-Rodriguez thus has the burden of showing a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, this court has the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the judicial proceedings.  *See id.*

"A sentence is substantively unreasonable if it '(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.'"  *United States v. Warren*, 720 F.3d 321,

No. 16-41191

332 (5th Cir. 2013) (quoting *Peltier*, 505 F.3d at 392).  Martinez-Rodriguez's general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to establish that the district court erred in balancing them.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Warren*, 720 F.3d at 332.  He has not demonstrated that the district court committed a clear and obvious error by sentencing him to a within-guidelines sentence of 292 months in prison.  *See Puckett*, 556 U.S. at 135; *Peltier*, 505 F.3d at 391-92.  Consequently, the judgment of the district court is AFFIRMED.